# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　v.<br><br>AMY GARCIA, ERIKA BADILLO, and VERONICA SANCHEZ,<br><br>　　　　Defendants. | Case No. 3:23-cr-00051-SLG-KFR-4,5,6 |

### ORDER RE UNITED STATES' MOTION TO REVOKE ORDERS OF RELEASE PURSUANT TO 18 U.S.C. § 3145(a)(1)

Before the Court at Docket 11 is the *United States' Motion to Revoke Orders of Release Pursuant to 18 U.S.C. § 3145(a)(1)*. Defendant Badillo responded in opposition to the Motion at Docket 37, Defendant Garcia responded in opposition at Docket 38, and Defendant Sanchez responded in opposition at Docket 40.

On de novo review, the motion to revoke the orders of release is DENIED. The stay of the release orders previously entered by this Court at Docket 16 is VACATED. The release orders entered by Magistrate Judge Sheri Pym on June 29, 2023, of the Central District of California shall be effective immediately.

The basis for this ruling is as follows:

The presumption in favor of detention applies in light of the filing of the Grand Jury's return of an Indictment that carries a mandatory minimum of 10 years imprisonment for the Drug Conspiracy charge under 21 U.S.C. §§ 846, 841(b)(1)(A).

However, each defendant has rebutted this statutory presumption by presenting some credible evidence supporting their pretrial release, as set forth in the Pretrial Services Report prepared for each defendant setting forth each defendant's lengthy and extended ties to their community of residence. As such, for each defendant, the Government must prove by clear and convincing evidence that the defendant poses a danger to the community, or by a preponderance of the evidence that the defendant is a flight risk.[1]

The Court has considered each of the factors set out in 18 U.S.C. § 3142(g). The nature and circumstances of the offense charged is clearly very serious, involving a huge quantity of illegal drugs, comprised mostly of one of the most dangerous of such drugs--fentanyl. There appears to be considerable weight to the evidence against each of the three defendants at issue. And while drug dealing is undoubtedly a very serious danger to the community, there does not appear to be a substantial risk as to each of these particular defendants that any one of them would engage in drug distribution activities while on pretrial release, particularly as none of these defendants present with an ongoing substance abuse history. In short, the Government has not demonstrated by clear and convincing evidence that any one of these defendants would present such a danger while on pretrial release with appropriate conditions.

It is the history and characteristics of each person that weighs in favor of their

---

[1] *United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 2008).

pretrial release because for each defendant the record demonstrates that there are conditions that will reasonably assure the safety of the community and that defendant's appearance at future court proceedings.

Defendant Veronica Sanchez has resided at the same residence in Pomona, California for 25 years, residing there with her mother, daughter, and niece. She has resided in the Central District of California since age one; her brothers and sister also reside in that district. She has been employed as a nurse assistant for the same health center for the past 23 years. She last used methamphetamine over 20 years ago, and indicates that her use then was only social. She has one criminal conviction dating from 2004 for driving with licensed suspended, for which she was sentenced to two days in jail. She has no history of not appearing at court proceedings and did not attempt to flee or evade arrest between June 16, 2023, when her home was searched, and June 29, 2023, when she was arrested. No firearms were reported. While a citizen of Mexico, she has no passport, although she does travel to Mexico about four times per year for vacations. Her brother verified her information and agreed to serve as her surety. The arresting agent told Pretrial Services "that the defendant has minimal criminal history and is a not a danger to the community or a risk of nonappearance." In sum, the government has not shown otherwise.[2]

Defendant Badillo has lived at the same apartment in Anaheim, California, for the past eight years; she resides there with her husband and teenage daughter. She

---

[2] *See* Docket 43 (Sealed).

Case No. 3:23-cr-00051-SLG-KFR-4, 5, 6.
Order re Motion to Revoke Orders of Release
Page 3 of 6

has lived her entire life in the Central District of California. The defendant is a U.S. citizen, but does not possess a passport, although she travels to Mexico once or a twice a year. She has been employed by an aerospace company for the past seven years, although she has recently been on unpaid medical leave due to a medical condition. She states she has never used any illegal drugs or marijuana. She has one misdemeanor conviction for making a fictitious check dating from 2009 and one misdemeanor conviction for driving with licensed suspended from 2011. She has no history of not appearing at court proceedings. No firearms are reported. However, the Pretrial Services officer was unable to verify Defendant Badillo's background information and noted that she lacks bail resources[3]. Considering all of the foregoing, the Court finds that the government has not shown by a preponderance of the evidence that Ms. Badillo is at risk of nonappearing. And, as noted above, the Court also finds that despite the very serious nature of the charge against her, the Government has not shown by clear and convincing evidence that she will present a danger to the community if released pretrial.

Finally, Defendant Garcia has lived with her mother in Chino, California since 2019. She has lived in the Central District of California her entire life. She has four children (ages 4,7,13,15) with her former spouse and one child age 5-months from a recent relationship. She is not employed, but receives $4,000 per month in survivorship benefits due to her former spouse's death in 2019. Her mother is also

---

[3] *See* Docket 41 (Sealed).

Order re Motion to Revoke Orders of Release
Page 4 of 6

Case 3:23-cr-00051-SLG-KFR   Document 47   Filed 07/17/23   Page 4 of 6

a confirmed bail resource, as she is employed in residential care. The defendant is a U.S. citizen and has only travelled once to Mexico, recently in May 2023 for Botox. She indicates she does not abuse any illegal substances and drinks alcohol only occasionally. She has no criminal history. No firearms were reported at her home. There is no indication that she has ever failed to comply with prior court orders. She was not arrested until more than two weeks after the search warrant was executed at her aunt's home when she was present while large quantities of drugs were seized, but she did not flee or attempt to avoid her arrest during that time. Of concern, the case agent reported that the defendant is "a verified member of the 12th Street Sharkys gang."[4] But on balance, given Ms. Garcia's stable residence and income, as well as her significant and long-term family ties to the community, the Court does not find that the government has shown by clear and convincing evidence that Ms. Garcia presents a risk of danger to the community if on pretrial release. Nor has the government shown by a preponderance of the evidence that Ms. Garcia is at risk of non-appearing in court.

For the foregoing reasons, the Motion to Revoke Orders of Release at Docket 11 is DENIED.

DATED this 17th day of July 2023. at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[4] *See* Docket 42 (Sealed).

Case No. 3:23-cr-00051-SLG-KFR-4, 5, 6.
Order re Motion to Revoke Orders of Release
Page 5 of 6
Case 3:23-cr-00051-SLG-KFR   Document 47   Filed 07/17/23   Page 5 of 6

Case No. 3:23-cr-00051-SLG-KFR-4, 5, 6.
Order re Motion to Revoke Orders of Release
Page 6 of 6
Case 3:23-cr-00051-SLG-KFR   Document 47   Filed 07/17/23   Page 6 of 6